DANIEL N. DEWEY & another *vs.* SOLOMON BULKLEY & another.

The holder of a mortgage of real estate, duly recorded, will not be ordered to bring an action to try his title to the estate, upon the petition of the assignee in insolvency of the mortgagor, under *St.* 1852, c. 312, §§ 52, 53.

PETITION under *St.* 1852, c. 312, §§ 52, 53, by the assignees of Liberty Bartlett, an insolvent debtor, representing that they were credibly informed and believed that the respondents made some claim adverse to the right of the petitioners in certain land in North Adams held by them under the assignment of the goods and estate of Bartlett made to them by the commissioner of insolvency, and that because of said claim the petitioners were unable to dispose of said land, and that said claim was

altogether unfounded, and praying that the respondents might be summoned to show cause why they should not bring an action to try their title.

The answer set forth a mortgage of the premises, made by Bartlett, before the commencement of said proceedings in insolvency, to a partnership doing business under the name of C. R. Taft & Company, consisting of three persons, Bartlett and the respondents, to secure a debt of $8,000 from Bartlett to said firm, and duly acknowledged and recorded; which debt the answer alleged to be still due and unpaid.

*H. L. Dawes,* for the petitioners.

*T. Robinson,* for the respondents.

SHAW, C. J. * The respondents claim title under a mortgage, and that mortgage is on record. The petitioners may meet with difficulties in disposing of the land; but no reason is shown why the respondents should be obliged to bring an action to enforce a mortgage, held by them merely as security for the payment of the mortgagor's debt to the partnership, of which he and they were members. But the more decisive ground for dismissing this petition is, that the petitioners, if they deny the validity of the mortgage altogether, as one fraudulent against creditors, can bring a writ of entry themselves to try the title; and the defendants in their plea would be obliged to admit or deny the petitioners' title. If the validity of this mortgage is disputed on the ground of fraud, as was said in argument, the petitioners should have stated in their petition whether they admitted the mortgage or not. All that appears upon the petition and answer is, that the petitioners, by the assignment made by the commissioner of insolvency to them, acquired the estate of the insolvent debtor in the premises, which was subject to a prior mortgage on record, the validity of which they nowhere deny. These estates are *prima facie* consistent with each other.

*Petition dismissed.*

* DEWEY, J. did not sit in this case.