NATHANIEL W. ARNOLD & others *vs.* MARY REED & others.

Plymouth.    October 16, 1894. — November 30, 1894.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Quieting Title — Conveyance by Executor without Authority — Acquiescence by Heirs — Presumption.*

The recorded deed of an executor who purports to sell land of the testator under the license and authority of the Probate Court, when in fact he has no such license or authority either from the Probate Court or under the will of the testator, does not convey such a record title as will enable the grantee thereunder to maintain a petition under St. 1893, c. 340, against the devisees of the testator, to compel them to bring an action to try their alleged title to the land.

The St. 1893, c. 340, relative to quieting titles to real estate, does not extend to persons claiming under deeds in which the grantor purports to convey the land of others when no authority to make the conveyance appears of record in the registry of deeds or elsewhere.

There is no presumption that the recital in the deed of an administrator can be taken to be true as against the heirs.

At the hearing upon a petition under St. 1893, c. 340, to compel the devisees of a parcel of land to bring an action to try their alleged title to the land, which the executor of the will, without authority, sold and conveyed to the petitioner,

this court cannot consider the effect of proof offered by the petitioner that all persons interested in the estate at the time of the sale and conveyance acquiesced in the sale, and received without objection their share of the purchase money.

PETITION, dated June, 1893, under St. 1893, c. 340, to compel the respondents to bring an action to try their alleged title to several parcels of land in Abington.

Trial before *Allen*, J., who declined to grant the prayer of the petition, and reported the case for the consideration of the full court. The material facts appear in the opinion.

*W. J. Coughlan*, for the petitioners.

No counsel appeared for the respondents.

FIELD, C. J. The question in this case is whether the petitioners allege and show a record title to the real property described in the petition, within the meaning of these words in St. 1893, c. 340. The deeds of Charles Stetson to the petitioners Nathaniel W. Arnold and Justin Meserve, and to Leonard Arnold, who has deceased and whose heirs join in the petition, purport to be given by said Stetson as administrator of the estate of Josiah Shaw, deceased, late of Abington in the county of Plymouth, under an order of the Probate Court for the County of Plymouth, whereby he was licensed and empowered to sell and convey the real estate of such deceased, etc. These deeds are substantially in the usual form of deeds by executors and administrators licensed by a Probate Court to sell real estate in order to pay debts and legacies.

The petition alleges that said Shaw died seised and possessed of said real estate in fee, and devised the same to his heirs at law ; that Stetson was duly appointed administrator of his estate with the will annexed; that on October 15, 1870, Stetson sold the property at public auction, claiming to act under a license of the Probate Court; that the purchasers, or those claiming under them, have been in occupation ever since ; but that " said Stetson, who is now deceased, had no license, power, or authority, either under the will of said Josiah Shaw, or from said Probate Court, to sell any of the lands of which said Shaw died seised and possessed, nor was the condition of said Josiah Shaw's estate such as to authorize said Probate Court to issue license for the sale of any part of the real estate thereof."

On the face of the record of the registry of deeds, if the recitals in the deeds given by Stetson are taken to be true, the deeds conveyed a good title, but in fact the recitals are not true, and this would appear by an examination of the records of the Probate Court.

The Probate Courts are courts of record. Pub. Sts. c. 156, §§ 1, 27. Deeds may convey a good title which yet does not appear of record anywhere. The heirs of deceased persons usually do not appear of record anywhere. Title by adverse possession usually does not appear of record. A forged deed conveys no title, although, if executed in the name of the record owner, it appears on the face of the record to convey a title. A deed executed by an attorney, if the power of attorney is not recorded, conveys no title of record, yet if the attorney is authorized in fact his deed conveys the title as between the parties.

It is to be noticed that St. 1893, c. 340, repealed Pub. Sts. c. 176, where the language was broader, and was not confined to a record title, and that it adopted in this respect the language of St. 1882, c. 237, and St. 1885, c. 283. See St. 1889, c. 442; St. 1890, c. 427; *Leary* v. *Duff*, 137 Mass. 147.

In the case at bar the sale was absolutely void. We know of no presumption that the recital in the deed of an administrator can be taken to be true as against the heirs. They are the recitals of the administrator, and not of the heirs. The record of the registry of deeds and the record of the Probate Court in this case show no authority in the administrator, and he had in fact no authority. If the grantees under these deeds have a record title within the meaning of St. 1893, c. 340, we do not see why it must not be held that a deed which is recorded, and which purports to be executed by an attorney in the name of a principal, does not give a record title to the land of the principal, although there is no record of any power of attorney, and no authority in fact has been given. We think that such was not the intention of the statute. Whatever may be true of deeds in which the grantor purports to convey his own land, we think that the statute cannot be held to extend to persons claiming under deeds in which the grantor purports to convey the land of others, when no authority to make the conveyance appears of record in the registry of deeds or elsewhere.

We cannot consider in this proceeding the effect of the offer of proof, that all persons interested in the estate at the time of the sale and conveyance acquiesced in the sale, and received without objection their shares of the purchase money, whatever may be the effect of this in a suit in equity. In the opinion of a majority of the court this petition is not within the purview of the statute, and must be dismissed.     *So ordered.*