WALTER E. BLANCHARD vs. MOSES H. LOWELL.

SAME vs. WALTER G. BATCHELDER.

SAME vs. WILLIAM A. SCAPLEN.

Essex.   November 8, 1900. — January 5, 1901.

Present: HOLMES, C. J., KNOWLTON, LATHROP, BARKER, & HAMMOND, JJ.

A petition under St. 1893, c. 340, to quiet title to real estate, alleging that the peti-
tioner is seised in fee simple of and in possession of certain land described and
that the record title thereof is clouded by an adverse claim of the respondent,
is good without a further allegation that the petitioner has a record title to the
land in question, although the petitioner must show that he has a record title
in order to maintain his petition.

A. conveyed to B. a parcel of land, and B. conveyed part of it back to A.   Later,
B. said that he had lost his deed, and A. gave him a quitclaim deed of the whole
original parcel of land, including the part that had been reconveyed to him,
with a recital that it was given to take the place of the first deed which was
lost.   Subsequently B. conveyed to C. the same part of the land which he had
conveyed to A. and which had remained in A.'s uninterrupted exclusive posses-
sion.   On a petition brought by A. against C. under St. 1893, c. 340, to compel
C. to bring an action to try his claim to the land, it was held, that A. had a
record title and, having also possession, might maintain his petition, and that,
C. having also a record title, the question, whether A. or C. had the better title,
was not to be determined in these proceedings but in the action which C. was
ordered to bring.

In a case where it is necessary to show possession of certain land, the fact that
taxes were paid by a person, shown by other evidence to be in possession, is
admissible to show the character of his possession.

Uncultivated land largely covered with bushes, and afterwards cleared, is not wild
land, and enclosing it on three sides by a wire fence, the remaining side being
bounded by a stone wall, is evidence of possession.

THREE PETITIONS under St. 1893, c. 340, to compel each of
the respondents to bring an action to try his claim to certain
real estate in Lynn.   Writs dated December 18, 1899.

The allegations and prayer contained in each of the petitions
were as follows :

" And the petitioner respectfully represents that he is seised
in fee simple of and is in possession of a parcel of land in said
Lynn bounded and described as follows [description] ; and that
the record title of said premises is clouded by an adverse claim
or the possibility of an adverse claim to said premises made by
said respondent, who claims to own said premises in fee.   Where-

fore your petitioner prays that said respondent may be summoned to show cause why he should not bring an action to try such claim."

The cases were heard by *Knowlton*, J., who found for the petitioner in each case; and the respondents alleged exceptions as follows:

By deed dated October 23, 1871, and recorded on March 6, 1872, one Edwin H. Timson conveyed to one James T. Hurley and the petitioner a parcel of land in Lynn, lying on both sides of Eastern Avenue, which includes the premises described in the petition. Hurley and the petitioner conveyed all the premises described in the above mentioned deed to one Edward Mahon by deed dated and acknowledged April 2, 1873, and recorded May 20, 1875. By deed dated April 23, 1873, and recorded May 31, 1876, Mahon conveyed to the petitioner a parcel of land, including the premises described in the petition, and being the part of the premises described in the first mentioned deed lying easterly of Eastern Avenue.

Subsequently Hurley and the petitioner executed an instrument dated February 28, 1877, and recorded March 26, 1877, in form of a quitclaim deed, to Mahon, and describing the same premises described in their deed to Mahon, before mentioned, and which contained in the attesting clause the following words, namely: " This deed is given to take the place of a deed given April 23, 1873, and is lost. Said lost deed being of the same tenor as this one."

Thereafter Mahon executed an instrument dated and acknowledged October 3, 1881, and recorded on October 11, 1881, purporting thereby to grant, bargain, sell, alien, remise, release, convey, and confirm unto one Bernard A. McCormick, and his heirs and assigns, the same premises described in said deed from Mahon to the petitioner, dated April 23, 1873, above mentioned, and the respondent in each of the cases claimed title to the premises described in the petition through and by virtue of said instrument of Mahon to McCormick, by instruments executed subsequent thereto, which, it is agreed for the purpose of this case, gave to the respondents all the title, if any, in and to the premises described in the petition which McCormick acquired by said instrument dated October 3, 1881.

The petitioner testified that he and Hurley executed the instrument dated February 28, 1877, upon representation being made to the petitioner, by Mahon, that the former deed of Hurley and the petitioner to Mahon had been lost and was unrecorded, and that he has never executed any deeds of the premises described in the deed first mentioned herein except said deed dated April 2, 1873 and said deed dated February 28, 1877, that the premises described in the deed first herein mentioned were formerly enclosed by a fence or stone wall, and that in May, 1899 he enclosed the premises conveyed by Mahon to the petitioner by said deed dated April 23, 1873 with a wire fence except on the southerly side, on which side was the line of the stone wall; that part of said wall had been removed for building purposes, and the person who removed it agreed to replace it; that he did not know of his own knowledge whether the wire fence built in 1899 was standing at the time the petition was brought; that he had paid the taxes on the real estate described in said last mentioned deed continuously since the date thereof; that in 1887 he caused a survey of said last mentioned premises to be made and posts to be set at the corners thereof; that the said last mentioned premises were uncultivated, and largely covered with bushes, of which, in 1889, he caused said premises to be cleared.

The respondents requested the justice to rule that upon the pleadings and evidence the petitioner was not entitled to maintain his petitions, which ruling the justice refused to give; and the respondents excepted.

The justice found as facts: " That all the time from April 24, 1873, to the time of the trial the petitioner had been in uninterrupted exclusive possession of the land described in the deed to him bearing date April 23, 1873, claiming title thereto under this deed"; and also found that the prayers of the petitions ought to be granted.

The respondents alleged exceptions, the same in each of the three cases.

*J. C. Batchelder*, for the respondents.

*W. H. Niles*, for the petitioner.

LATHROP, J.   These are three petitions under the St. of 1893, c. 340, to quiet title to a parcel of land in Lynn. The first ques-

tion raised by the respondents is that the petition does not allege that the petitioner has a record title to the land in question. Each petition alleges that the petitioner is seised in fee simple and is in possession of the land in question, which is described by metes and bounds. It also alleges that the record title of the premises is clouded by an adverse claim or a possibility of an adverse claim made by the respondent who claims to own the premises in fee. The prayer is that the respondent may be summoned to show cause why he should not bring an action to try such claim. No such question as is now sought to be raised was brought to the attention of the single justice of this court who heard the cases, although it is raised by the answers. The request for a ruling was in general terms, and was as follows: " The respondents requested the court to rule that upon the pleadings and evidence the petitioner was not entitled to maintain his petition." This ruling the court refused to give; and the respondents excepted.

If we assume that the question is open to the respondents, and need not be taken by demurrer, we are of opinion that the ruling was right. It is true that the statute applies only to a record title clouded by an adverse claim, or by the possibility of such claim; *Arnold* v. *Reed*, 162 Mass. 438; and that the petition must be brought by certain persons; yet the statute goes on to describe what the petitioner must set forth in his petition, namely, his interest, a description of the premises, the claims and the possible adverse claimants, so far as known to him. The statute therefore states the jurisdictional facts, and if these are set forth it is enough. It is true that in *Arnold* v. *Reed*, *ubi supra*, it was said by Chief Justice Field: " The question in this case is whether the petitioners allege and show a record title to the real property described in the petition "; but the decision went upon the ground that the petitioner did not have a record title, which was the only question raised by the report, which we have examined.

The next question is whether the petitioner showed that he had a record title. The bill of exceptions shows a record title in the petitioner. It is true that it also shows a record title in the respondents. But if the petitioner has, in addition to a record title, possession, the question whether he has a better

title or not does not arise, and is not to be determined in these proceedings, but in the actions which the respondents may be ordered to bring.

The remaining question is whether the petitioner showed that he was in possession of the land claiming an estate of freehold therein at the time of the date of the petition, namely, December 18, 1899. The exceptions state that the petitioner testified that the premises described in the deed first herein mentioned, (which we understand to mean the deed of 1871,) were formerly enclosed by a fence or stone wall, and that in May, 1899, he enclosed the premises conveyed by Mahon to him by the deed of 1873, with a wire fence except on the southerly side, on which side was the line of the stone wall; that part of said wall had been removed for building purposes, and the person who removed it agreed to replace it; that he did not know of his own knowledge whether the wire fence, built in 1899, was standing at the time the petition was brought; that he had paid the taxes on the land continuously since the deed to him of 1873; that in 1887 he caused a survey of the premises to be made and posts to be set at the corners thereof; that the premises were uncultivated, and largely covered with bushes, of which he caused the premises to be cleared in 1889.

The court found that all the time from April 24, 1873, to the time of the trial, the petitioner had been in uninterrupted, exclusive possession of the land described in the deed dated April 23, 1873, claiming title thereto under this deed; and that the prayer of the petition ought to be granted.

The respondents apparently put in no evidence and the case rested on the evidence of the petitioner.

The evidence shows acts of dominion exercised upon the land, beginning in 1887, and continuing at intervals down to a few months of the date of the petition. And this evidence, in the absence of proof to the contrary, would warrant the finding of the judge who heard the cases.

The respondents rely upon the case of *Whitman* v. *Shaw*, 166 Mass. 451, 461, to the point that the fact that the petitioner paid taxes upon the land is not evidence of possession. The point decided in that case was that taking a deed of land from a person who had no title, and doing nothing more than to pay

taxes did not give a title by adverse possession. The case did not decide that the fact that taxes are assessed and paid may not be taken into consideration when there is other evidence in the case tending to show possession ; and we are of opinion that when such is the case the fact that taxes are assessed and paid may be considered. *Elwell* v. *Hinckley*, 138 Mass. 225. See also *Brown* v. *Matthews*, 117 Mass. 506.

The respondents next contend that placing a wire fence on three sides of the premises is not evidence that the petitioner was in possession, and cite *Coburn* v. *Hollis*, 3 Met. 125. That case decided that the making of a fence on wild land by felling trees and lapping them together did not amount to a disseisin of the true owner. But the land in question in the case before us was not wild land, though it was not cultivated ; and the land was enclosed on three sides by a wire fence, and on the other side by a stone wall. The condition of things was very different from that in the case cited.

As the land was not unenclosed wild land, the case does not fall within *Parker* v. *Parker*, 1 Allen, 245.

*Exceptions overruled.*