## HARLOW H. ROGERS, PETITIONER.

### Suffolk, May, 1908.

*Tax Title — Assessment — Owner of Record — Holder of Outstanding Tax Title not Released of Record.*

The single matter in controversy in this case is as to the validity of the assessment of the tax preliminary to the sale under which the petitioner claims title.  The land in question had been owned by one C. B. H. Temple, a non-resident, who died in 1894, and whose will was probated in Middlesex County, but not in the County of Suffolk where the land lies.  In 1897 it was assessed to said Temple and sold for non-payment of the taxes to Harlow H. Rogers.  In 1901 the said tax title was redeemed by the executor under the Temple will, and a release duly given by Rogers which release was not, however, recorded.  The fact of such payment appeared on the records of the Town Auditor, was also known to the Town Treasurer, and was by him communicated to the Assessors.  In 1902 the taxes were again assessed to C. B. H. Temple and the land sold for non-payment thereof to the petitioner.  The Master, to whom this case was referred, ruled and reports that the said sale was invalid for the reason that the property was not assessed either to the person in possession thereof, such person being the residuary devisee under the Temple will, or to the person appearing of record in the records of the County in which the estate lay as owner on the first day of May.  The Master ruled that under the statute then in force, viz: — Acts of 1902, Chapter 113, the owner of record on May 1st, 1902, was

Rogers, not Temple. The petitioner duly excepted to that ruling, and contends that the owner of record was C. B. H. Temple.

The purpose of the statute is to provide a method at once simple and easy for the assessors, and reasonable and definite for the land owner, for the assessment of taxes upon land. The occupant can be readily ascertained by visiting the land, and the owner of record by looking at the records. The petitioner contends that the easiest and most natural records for the assessors to consult are their own; and that a title of record is not necessarily confined to a title of record in the registry of deeds. Arnold v. Reed, 162 Mass. 438; Lancy v. Boston, 186 Mass. 128. The matter seems to be expressly settled by the statute itself, however, so far as this particular case is concerned. Under the Public Statutes " for the purpose of assessing and collecting taxes the persons appearing *of record* as owners of real estate shall be held to be the true owners thereof." P. S. C. 11, Sec. 13. By Chapter 84 of the Acts of 1889 this statute was amended by striking out the words " of record as owners of real estate " and inserting in place thereof the words " in the *records of the county* where the real estate lies," etc. On the revision of the statutes in 1900 the phraseology was again altered to read " the person appearing *of record*." R. L. Chap. 12, Sec. 15. No explanation as to this change appears in the notes of the commissioners on revision. In 1902 the law was again amended by inserting after the word " record " the words " in the records of the county or of the district, if such county is divided into districts, in which the estate lies." Acts of 1902, Chap. 113, approved to take effect upon its passage, Feb. 25, 1902. The owner of record in the records of Suffolk County was Rogers.

With the legality, real value, or equitable rights attaching to his record title, the assessors as merely ministerial officers, had nothing to do. Southworth v. Edmands, 152 Mass. 203;

Hough *v.* Adams, 196 Mass. 290, 293.  Lancy *v.* Abington
Sav. Bank, Land Court Decisions, p. 26, *ante;* Roberts *v.*
Welsh, 192 Mass. 278.

Exceptions to Master's report overruled.

Petition dismissed.