# United States Court of Appeals
## For the First Circuit

No. 12-2275

REV. FR. EMMANUEL LEMELSON, f/k/a
Gregory M. Lemelson; ANJEZA LEMELSON,

Plaintiffs, Appellants,

v.

U.S. BANK NATIONAL ASSOCIATION, Trustee,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Patti B. Saris, U.S. District Judge]

Before

Lynch, Chief Judge,
Howard and Kayatta, Circuit Judges.

James T. Ranney for appellants.
Peter Francis Carr, II, with whom Eckert Seamans Cherin &
Mellott, LLC, was on brief, for appellee.

July 1, 2013

**LYNCH, Chief Judge**.  Petitioners Gregory and Anjeza Lemelson filed this action under the Massachusetts try title statute, Mass. Gen. Laws ch. 240, §§ 1-5, seeking an order invalidating a March 2011 assignment of the mortgage loan on their Southborough, Massachusetts home to defendant U.S. Bank National Association ("U.S. Bank"), and enjoining U.S. Bank from commencing foreclosure proceedings pursuant to that assignment.  The Lemelsons have not made a mortgage payment since April 2010.

After removing the action to federal court, U.S. Bank moved to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim under the try title statute, which the district court granted.  The dismissal was without prejudice.  See Lemelson v. U.S. Bank Nat'l Ass'n, Civ. No. 12-10677-PBS, 2012 WL 4527527, at *2 (D. Mass. Sept. 28, 2012).  Relying primarily on the decision of the Supreme Judicial Court of Massachusetts ("SJC") in Bevilacqua v. Rodriguez, 955 N.E.2d 884 (Mass. 2011), the district court held that: (i) to state a claim under the Massachusetts try title statute, a petitioner must allege, inter alia, that an adverse claim clouds his record title, Lemelson, 2012 WL 4527527, at *1; and (ii) U.S. Bank's mere efforts to foreclose on the Lemelsons' home did not amount to an adverse claim under Massachusetts law, id. at *2.

The Lemelsons now appeal, saying that both determinations were made in error.  We affirm.

-2-

I.

On March 28, 2012, the Lemelsons jointly filed this try title action in the Commonwealth of Massachusetts Land Court, challenging the authority of U.S. Bank to foreclose on their home pursuant to the March 2011 assignment.[1]  A try title petition is a specialized form of action that seeks to compel an adverse claimant to bring an action trying its title to the disputed property.  See Mass. Gen. Laws ch. 240, §§ 1-5.  In relevant part, section 1 of the try title statute provides:

> If the record title of land is clouded by an adverse claim, or by the possibility thereof, a person in possession of such land claiming an estate of freehold therein . . . may file a petition in the land court stating his interest, describing the land, the claims and the possible adverse claimants so far as known to him, and praying that such claimants may be summoned to show cause why they should not bring an action to try such claim.

---

[1] This was the second action filed by the Lemelsons seeking to invalidate the March 2011 assignment.  Previously, on November 7, 2011, Gregory Lemelson filed a different type of action, a quiet title action, against U.S. Bank in the Massachusetts Land Court, see Mass. Gen. Laws ch. 240, § 6, which was removed on the basis of diversity jurisdiction, 28 U.S.C. § 1332.  See Lemelson v. U.S. Bank Nat'l Ass'n, Civ. No. 1:11-cv-12050-PBS (D. Mass. filed Nov. 18, 2011).  On March 7, 2012, a magistrate judge determined that Lemelson lacked standing to pursue a quiet title action in federal court, and recommended that the case be remanded to the Land Court. Before the district court could rule on the magistrate judge's recommendation, Lemelson voluntarily dismissed the quiet title complaint.  One week later, the Lemelsons commenced this action. See Lemelson v. U.S. Bank Nat'l Ass'n, Civ. No. 12-10677-PBS, 2012 WL 4527527, at *1 (D. Mass. Sept. 28, 2012).

Id. Additionally, if an adverse claimant is notified of the petition and fails to file an action asserting its claims to the property, the Land Court is authorized to "forever bar[] [the defendant] from having or enforcing any such claim adversely to the petitioner." Id. § 2; see 28 Mass. Prac., Real Estate Law § 31A.4. Try title actions are subject to a number of limitations, see, e.g., Bevilacqua, 955 N.E.2d at 888-91, which we take up later.

The relevant facts as alleged in the Lemelsons' petition to try title were as follows. On August 10, 2006, Gregory Lemelson purchased a home, located at 4 Wyndemere Drive in Southborough, Massachusetts, where he and his wife currently reside (the "Property"). To finance that purchase, Lemelson executed a mortgage loan, composed of a promissory note and a mortgage, in the principal amount of $1.6 million.

Initially, the mortgage was held by Mortgage Electronic Registration Systems, Inc. ("MERS"), the promissory note was payable to Mortgage Master, Inc., and the mortgage loan servicer was Thornburg Mortgage, Inc. At some time after origination, the promissory note and mortgage were sold.[2] Additionally, on May 1,

---

[2] In their petition to try title, and at various points throughout the district court proceedings, the Lemelsons disclaimed knowledge of to whom their mortgage loan was sold following origination. However, it appears from U.S. Bank's submissions to the district court, several of which the Lemelsons possessed before filing this action, that the mortgage loan was conveyed to the Thornburg Mortgage Securities Trust 2006-6 Mortgage Loan Pass-Through Certificates, Series 2006-6, pursuant to a November 1, 2006 Pooling and Servicing Agreement. See, e.g., Culhane v. Aurora Loan

-4-

2009, Thornburg's parent company filed for bankrupcy and the mortgage loan servicer changed twice, first to Censlar, FSB, and then, in June 2010, to Select Portfolio Servicing, Inc.

The Lemelsons stopped making payments on their mortgage loan in April 2010, and shortly thereafter, in November 2010, they received a Notice of Default letter from Select Portfolio. On March 11, 2011, MERS filed a Corporate Assignment of Mortgage in the Worcester County Registry of Deeds (the "March 2011 assignment"), which purported to assign both the promissory note and the mortgage to U.S. Bank.

The petition to try title asserted that, by way of the March 2011 assignment, U.S. Bank possessed a claim to the Property adverse to the Lemelsons' record title. Moreover, it alleged a host of deficiencies in the execution and notarization of the March 2011 assignment, which were said to render it "fraudulent, invalid, void and/or legally inoperative."[3] As relief, the petition sought

_____

Servs. of Neb., 708 F.3d 282, 286-88 (1st Cir. 2013) (describing bundling and securitization practices for residential mortgage loans). In any event, we need not resolve the issue, as the identity of the prior owner of the Lemelsons' mortgage loan does not affect our disposition.

[3] The petition alleged, inter alia, that the signatory to the assignment had not appeared before a notary, as required under Mass. Gen. Laws ch. 183, § 30, and that the corporate seal affixed to the assignment was for a MERS entity that did not exist in March 2011. But the petition's core allegation was that, due to the supposed uncertainty surrounding the initial post-origination sale of the mortgage loan, see note 2 above, U.S. Bank could not establish "a complete and unbroken chain of title . . . which would give [it] the lawful authority to assert any rights under the

an order compelling U.S. Bank to bring a try title action, expunging the March 2011 assignment from the land records, and enjoining any party from proceeding with foreclosure during the pendency of litigation.

After removing the case to federal court, on May 11, 2012, U.S. Bank filed a motion to dismiss the petition under Fed. R. Civ. P. 12(b)(6), which the Lemelsons opposed. In addition, the Lemelsons filed a motion seeking leave to serve additional parties and to amend their petition accordingly. On September 28, 2012, the district court issued a memorandum and order granting U.S. Bank's motion to dismiss without prejudice and denying the Lemelsons' motion to amend. Lemelson, 2012 WL 4527527, at *2.

Judgment of dismissal without prejudice was entered on October 1, 2012, and this timely appeal followed.

## II.

We review an order of dismissal for failure to state a claim de novo, Artuso v. Vertex Pharm., Inc., 637 F.3d 1, 5 (1st Cir. 2011), and may affirm on any basis apparent in the record, Freeman v. Town of Hudson, 714 F.3d 29, 35 (1st Cir. 2013). In conducting this review, we disregard "statements in the complaint that merely offer 'legal conclusion[s] couched as . . . fact[ ]' or '[t]hreadbare recitals of the elements of a cause of action.'"

---

mortgage or to enforce [the] note."

-6-

Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (alterations in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted). The complaint's "remaining, non-conclusory allegations are entitled to a presumption of truth, and we draw all reasonable inferences therefrom in the pleader's favor." Rodríguez-Ramos v. Hernández-Gregorat, 685 F.3d 34, 40 (1st Cir. 2012) (citing Ocasio-Hernández, 640 F.3d at 12).

Dismissal for failure to state a claim is appropriate "if the complaint does not set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" United States ex rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377, 384 (1st Cir. 2011), cert. denied, 132 S. Ct. 815 (2011) (quoting Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008)). In other words, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## III.

The Lemelsons raise two challenges on appeal to the district court's order granting U.S. Bank's motion to dismiss. First, they argue that the district court erred in holding that an

adverse claim is a necessary element in a cause of action under the Massachusetts try title statute.  In the alternative, petitioners argue that even if the district court's construction of the statute was correct, it erred in concluding that the petition's allegations concerning U.S. Bank's efforts to foreclose were insufficient to show an adverse claim under Massachusetts law.  We consider and reject these challenges in turn.

A.

We begin by disposing of the Lemelsons' contention that the district court erred in construing the Massachusetts try title statute to require the pleading of an adverse claim to survive a motion to dismiss.  See Lemelson, 2012 WL 4527527, at *1. Specifically, the Lemelsons argue that the SJC's decision in Bevilacqua, 955 N.E.2d 884, establishes that a try title petitioner need only allege "two jurisdictional facts at the pleading stage: (1) possession; and (2) a record title."  And where, as here, these facts have been conceded, see Lemelson, 2012 WL 4527527, at *2, the petitioners argue that the burden shifts to the respondent (i.e., U.S. Bank) either to disclaim the interest alleged in the petition or to bring an action asserting that interest against the petitioners.  See, e.g., Mass. Gen. Laws ch. 240, § 3 (providing that respondents in a try title action may "appear and disclaim all right and title adverse to the petitioner," or, "[i]f they claim

-8-

title, . . . show why they should not be required to bring an action to try such title"); Bevilacqua, 955 N.E.2d at 889.

This argument rests on a mischaracterization of the SJC's holding in Bevilacqua, which concerned the factual allegations necessary to establish standing under the Massachusetts try title statute. In Bevilacqua, the petitioner was granted a quitclaim deed to the respondent's home following an invalid foreclosure sale and sought to compel the respondent to try his title to the property. 955 N.E.2d at 886-88. The Land Court dismissed the petition sua sponte, apparently under Mass. R. Civ. P. 12(h)(3), which authorizes dismissal "[w]henever it appears . . . that the court lacks jurisdiction of the subject matter" (emphasis added), finding that the petitioner "holds no title to the property . . . and thus lacks standing to bring a try title action." Bevilacqua, 955 N.E.2d at 887; see Bevilacqua v. Rodriguez, No. 10 MISC 427157 KCL, 2010 WL 3351481, at *1-2 (Mass. Land Ct. Aug. 26, 2010), aff'd & remanded, 955 N.E.2d 884 (Mass. 2011). In affirming that determination on appeal, the SJC clarified that in order "to establish standing under G.L. c. 240, § 1," a petitioner must show that she is both "in possession of" and "hold[s] a record title to" the disputed property. 955 N.E.2d at 889 (emphasis added) (quoting

-9-

Mass. Gen. Laws ch. 240, § 1) (internal quotation marks omitted); see Blanchard v. Lowell, 59 N.E. 114, 114-15 (Mass. 1901).[4]

The trouble for the Lemelsons, of course, is that the district court dismissed their petition for failure to state a claim, not for lack of standing. Lemelson, 2012 WL 4527527, at *2. Nevertheless, the Lemelsons offer no authority, either from Bevilacqua or from any other Massachusetts case, to support their contention that a mere showing of possession and record title in a try title action is enough to defeat a motion to dismiss for failure to state a claim under Mass. R. Civ. P. 12(b)(6), which imposes the same burden on a plaintiff as does Fed. R. Civ. P. 12(b)(6). See Iannacchino v. Ford Motor Co., 888 N.E.2d 879, 890 (Mass. 2008).

In contrast, the district court's construction is consistent with the plain language of the Massachusetts try title statute. See Mass. Gen. Laws ch. 240, § 1 (providing that "[i]f the record title of land is clouded by an adverse claim, or by the possibility thereof, a person in possession of such land" may file a petition to try title (emphasis added)). The construction is also supported by the remainder of the SJC's decision in Bevilacqua, see 955 N.E.2d at 891-92, for reasons we soon describe,

---

[4] The SJC's much earlier decision in Blanchard v. Lowell, 59 N.E. 114 (Mass. 1901), is entirely consistent with Bevilacqua v. Rodriguez, 955 N.E.2d 884 (Mass. 2011), and for that reason, petitioners' reliance on Blanchard is similarly misguided.

-10-

and by the Massachusetts Land Court decisions interpreting and applying the try title statute, see, e.g., Abate v. Freemont Inv. & Loan, No. 12 MISC 464855(RBF), 2012 WL 6115613, at *12 (Mass. Land Ct. Dec. 10, 2012) ("To state a claim under the try title statute against [respondents] upon which relief can be granted, [petitioner] was required to allege that he has possession of and effective record title in the Property and that [respondents] are claiming superior title." (emphasis added)); Seamen's Sav. Bank v. Rogers, No. 175583, 1992 WL 12153317, at *2 (Mass. Land Ct. Dec. 1, 1992) ("Defendants' assertion of title to the disputed [property] is the 'adverse claim' necessary under G.L. c. 240 § 1." (emphasis added)); see also Bevilacqua, 2010 WL 3351481, at *2 ("By its express terms, [the try title statute] only applies 'if the record title of land is clouded by an adverse claim.'" (quoting Mass. Gen. Laws ch. 240, § 1) (first emphasis added)).

## B.

Having determined that the petitioners were required to allege an adverse claim to withstand U.S. Bank's motion to dismiss, we turn to assessing whether the allegations in the petition satisfied the Rule 12(b)(6) standard. Like the district court, we conclude that they did not.

The only adverse claim alleged in the petition to cloud the Lemelsons' record title to the Property was "U.S. Bank's

purported legal title" as its mortgagee.[5]  The petition made no mention of any actions taken by U.S. Bank.  Additionally, even when the Lemelsons sought to amend, they did not plead or argue any theory that a completed foreclosure would entitle them to proceed with a try title claim, and we do not reach that issue.  Simply put, as pled in the complaint, U.S. Bank's interest in the Property as mortgagee was not adverse to the Lemelsons' interest as mortgagor under Massachusetts law.

It is beyond dispute that Massachusetts subscribes to the "title theory" of mortgage law.  See, e.g., U.S. Bank Nat'l Ass'n v. Ibanez, 941 N.E.2d 40, 51 (Mass. 2011); Faneuil Investors Grp. v. Bd. of Selectmen of Dennis, 933 N.E.2d 918, 922 (Mass. 2010).  As the SJC explained in Bevilacqua, this means that in Massachusetts a "mortgage splits the title [to a property] in two parts: the legal title, which becomes the mortgagee's" and secures the underlying debt, "and the equitable title, which the mortgagor retains."  955 N.E.2d at 894 (quoting Maglione v. BancBoston Mortg. Corp., 557 N.E.2d 756, 757 (Mass. App. Ct. 1990)) (internal quotation marks omitted); see Eaton v. Fed. Nat'l Mortg. Ass'n, 969

---

[5] According to the petitioners' brief, "U.S. Bank conducted a purported foreclosure sale on the Lemelsons' home" on April 30, 2012.  Because the petitioners have not argued that the purported foreclosure alters or affects the argument made in their petition to try title -- namely, that U.S. Bank's efforts to foreclose on the Property were sufficient to bring a try title claim -- this allegation does not bear on our analysis.

N.E.2d 1118, 1124 (Mass. 2012). Moreover, the legal title vested in the mortgagee is defeasible, and the "mortgagor can redeem or reacquire legal title by paying the debt which the mortgage secures." Abate, 2012 WL 6115613, at *4 (citing Eaton, 969 N.E.2d at 1124-25). This right to redeem, or the mortgagor's "equity of redemption," see Restatement (Third) of Property: Mortgages, ch. 3, intro. note, "endures so long as the mortgage continues in existence," Bevilacqua, 955 N.E.2d at 894.

The upshot of this arrangement is that, in the circumstances pled, the parties' "estates" (or interests) in the mortgaged property "are prima facie consistent with each other." Dewey v. Bulkley, 67 Mass. (1 Gray) 416, 417 (1854); see Eaton, 969 N.E.2d at 1124-25 (collecting cases). Quoting again from Bevilacqua, "[t]he crucial point," for present purposes, "is that a mortgage, by its nature, necessarily implies the simultaneous existence of two separate but complementary claims to the property that do not survive the mortgage or each other." 955 N.E.2d at 895 (emphasis added).

Consequently, because Lemelson concedes that he conveyed all legal title to the property,[6] he cannot now commence a try

---

[6] The district court did not improperly credit as true U.S. Bank's contention that it was a valid mortgagee to the Property. In fact, the district court merely acknowledged that "U.S. Bank claims to be the mortgagee in possession of legal title." Lemelson, 2012 WL 4527527, at *2 (emphasis added). That claim was the basis alleged in the Lemelsons' petition for bringing this try title action, R. App. at 11 ("U.S. Bank's purported legal title to

-13-

title action against one asserting ownership of only that legal title.[7]  Indeed, the SJC in <u>Bevilacqua</u> considered and rejected a similar argument when raised by a mortgagee to establish standing under the Massachusetts try title statute:

> To assert that he holds legal title as mortgagee, Bevilacqua must necessarily accept that Rodriguez has a complementary claim to either equitable title (if there has been no default) or an equity of redemption (if default has occurred). In either case, and although their economic interests may diverge, <u>Bevilacqua cannot be heard to argue that Rodriguez's claim is adverse to his own</u>.

955 N.E.2d at 895 (emphasis added); <u>see also Bevilacqua</u>, 2010 WL 3351481, at *2 (granting respondent's motion to dismiss petition on the ground that, "[b]y its express terms, G.L. c. 240, § 1 <u>et seq.</u> only applies '<u>if</u> the record title of land is clouded by an adverse

_____

the premises . . . represents a claim of title adverse to that of [the petitioners].'" (emphasis added)), and in their oral argument during the district court's motion hearing, <u>see, e.g.</u>, R. App. at 48 ("[T]here is an adverse party, we claim, <u>U.S. Bank</u> through this MERS assignment, <u>claiming legal title to this property</u>, so we brought a try title action." (emphasis added)).

[7] This is precisely the conclusion reached recently by the Massachusetts Land Court in <u>Abate</u> v. <u>Freemont Investment & Loan</u>, No. 12 MISC 464855 (RBF), 2012 WL 6115613 (Mass. Land Ct. Dec. 10, 2012).  There the court stated that "[i]f all [the petitioner] was alleging in the complaint was that there is uncertainty over who holds the Mortgage, he would not have a try title claim."  <u>Id.</u> at *4; <u>see Bevilacqua</u>, 955 N.E.2d at 894-95.  Uncertainty as to who holds a valid mortgage does not provide the requisite adversity to cloud a mortgagor's claim of equitable title.

-14-

claim,'" and "[h]ere, there is no cloud" (quoting Mass. Gen. Laws ch. 240, § 1)).[8]

Because the petitioners alleged only that they may maintain this try title action on the basis of U.S. Bank's efforts to foreclose, we defer to the reasoning in Bevilacqua and Abate and affirm the district court's dismissal of the petition to try title.

IV.

The order granting the respondent's motion to dismiss is affirmed.

So ordered.

---

[8] We are aware that the district court's opinion in Jepson v. Deutsche Bank National Trust Co., Civ. No. 12-11226-WGY, 2012 WL 4341061 (D. Mass. Sept. 20, 2012), could be read as reaching a different outcome. It is of course subject to this opinion.