Robert Brooking brought his action of debt -against Robert Clarke, on a note, which reads as follows :
“ Winchester, Nov. 4, 1818—Twelve months after date. 1 promise to pay to Boling Clarke, or order, four thousand nine hundred and eighty nine dollars, eigh. tycight cents, negotiable and payable at the Winchester Branch Bank, without defalcation, for value received. (Signed) Robert Cimrke.”
The declaration set put this note according to its tenor, and averred an assignment thereon by the. payee to a certain Willis Collins, and a second assign, anent from Collins to the plaintiff, and notice of the assignments to ¿he maker, and .a breach in failing to pay *198 the money, in the usual form ; and the writ corresponds with the declaration and note. The defendant in the court below craved oyer of the note, and plead. ted as follows:
Where a promissory note is in the usual form; hut by an agreement between the parties, half the money is lor the benefit of a third person, suit not only may, but must 'be brought in the name of the payee or his assignee, for the whole The payee has the legal right to the money; that right pastes ^ent^the right of such thirdpérson, is a niereeqúity.
*198 ff And the said Robert Clarke comes and defends Éh.e wrong and injury, &c. and prays judgment of the same; because, he says, that the note on which the plaintiff has declared, was executed by this defendant for the benefit of said Robert Brooking, (the plaintiff) and one Robert Clarke, who had been trading and negotiating under the name and firm of Robert Brooking and Co. and that it was drawn payable to Boling Clarke, so that by his endorsement the payment of the money t,o the said Robert Brooking and Robert Clarke might be additionally secured ; and the defendant ayprs, that the plaintiff has no interest in said note, separate and distinct from the said Robert Clarice, and that, therefore, his interest is a joint one; and this the said defendant is ready to verify. Wherefore, inasmuch as the said Robert Clarke is not named in said writ and declaration, the said defendant prays judgment, and that the said writ and declaration may be quashed.”
The plaintiff below demurred, and the court below gave judgment overruling the demurrer, and abated the suit; to reverse which, this writ of error is prosecuted.
Without investigating the merits of this plea, as to form, we do not perceive on what principle it can be sustained as a plea in abatement. The amount of it is, that the note was executed and endorsed to the plaintiff for the joint benefit of him and another, who was not joined in the action. If so, the legal title was in the plaintiff, one halfin trust for another; and he alone can bring the action at law, in whom the legal title iq vested, and he who has a beneficial interest therein, by an equitable right, cannot join. However this note might be formerly considered, it is now placed on the footing of a sealed instrument, the legal title in which, and of course the legal remedy to enforce it, was first vested in the payee, and transferred by his assignment, under the statute, to the first assignee, and by him to the second, who alone could support the suit, although the whole sum in equity belonged to another. Apcording to the substance of the plea, there *199 was wot then an existing partnership between tbé plaintiff and the third person not joined ; but there had been one, and it was agreed, that the plaintiff should take the note by endorsement, for the benefit of him. self and that third person, who, of course, had no legal right, but an equitable claim to one half. If so, instead of being compelled to join, he could not be joined at all, as he must be, where the contract was made with both.
The judgment must, therefore, be reversed with costs, and the cause remanded, with directions to the court below to give á judgment of respondeat ouster against the defendant in that court.