FRANK BREWSTER & another, trustees, *vs.* ELSIE S. SEEGER.

Suffolk.    November 17, 1898. — May 17, 1899.

Present: HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Petition to quiet Title — Mortgage — Guardian and Ward.*

At the trial of a petition under St. 1893, c. 340, to compel the respondent to bring an action to try her claim to certain real estate, it appeared that she claimed under a mortgage given to one P., " as he is guardian of E., a minor," who was the respondent; that, after the respondent had come of age and had married, P. assigned the mortgage, which was afterward paid to the holder and discharged by him, and that later still the petitioner bought the land. The contention of the respondent, who had entered to foreclose, was that the title to the mortgage and mortgage note vested in her upon the execution of the instruments, and that the assignment by P. and the so called payment did not affect her rights. The judge found that the petitioner, and not the respondent, was in possession, and that the respondent was not the legal owner of the mortgage, and ordered her to bring an action. *Held*, that, as the respondent had asserted a legal claim, the finding was proper.

PETITION, under St. 1893, c. 340, entitled " An Act relative to quieting titles to real estate." Hearing before *Barker*, J., who

found that the petitioners were in possession and that the respondent was not in possession and was not the legal owner of the mortgage, and ordered the respondent to bring an action to test her title, and reported the case for the consideration of the full court. If the finding was warranted in law, the decree was to stand; otherwise, to be set aside. The facts appear in the opinion.

*R. W. Nason & T. W. Proctor,* for the respondent.

*J. R. Dunbar & F. Rackemann,* for the petitioners.

HOLMES, J. This is a petition under St. 1893, c. 340, to compel the respondent to bring an action to try her claim to certain real estate. The petitioners have the title to the land. The respondent claims under a mortgage given to one Perry, " as he is guardian " of Elsie S. Adams, a minor, who is the respondent. The mortgage note is not set forth, but according to the recitals in the mortgage the promise of the note runs to Perry or his order. After the respondent had come of age and had married, Perry assigned the mortgage, which later was paid to the holder and discharged by him. Later still the petitioners bought the land. The respondent's claim is that the title to the mortgage and mortgage note vested in her upon the execution of the instruments, and that the assignment by Perry and the so called payment did not affect her rights, and she has entered to foreclose. The judge who tried the case found that the petitioners were in possession, and that the respondent was not in possession, and was not the legal owner of the mortgage, and he ordered the respondent to bring an action. The question reported is whether his finding was justified.

This question is the only one before us, and, in other words, it is whether the respondent has a right to enter and foreclose as legal owner of the note and mortgage. We express no opinion or intimation as to her possible rights in equity. She has seen fit to assert a claim at law, and it is just that the petitioner should have that claim disposed of, whether she has any other or not.

We are of opinion that the finding of the judge was right. It is true that a guardian as such gets no title to his ward's property. It is true that ordinarily he ought to take the title to property purchased with his ward's money in his ward's name.

But to whom the title goes under a deed or a negotiable note depends on the form of the instrument, not on the duty of the grantee or payee. It is familiar law that one who is not named or described as party to a negotiable instrument cannot sue upon it. *Fuller* v. *Hooper*, 3 Gray, 334, 341. *Bank of United States* v. *Lyman*, 20 Vt. 666, 673 *et seq.* *Grist* v. *Backhouse*, 4 Dev. & Bat. 362. And this means that the legal title is in the party who alone has the right to sue. *Fairfield* v. *Adams*, 16 Pick. 381, 383. *Cramlington* v. *Evans*, 2 Vent. 307, 310. *Evans* v. *Cramlington*, Carth. 5. *Bush* v. *Peckard*, 3 Harrington, 385, 387. *Turnbull* v. *Freret*, 5 Mart. (N. S.) 703, 706. *Brooking* v. *Clarke*, 2 Litt. 197, 198. See *Fish* v. *Jacobsohn*, 2 Abb. App. 132, 136 ; *Close* v. *Hodges*, 44 Minn. 204. So the legal title to property conveyed by deed is in the person named in the deed as grantee. Hence in the case at bar the legal title to the note and mortgage at the time of their execution was in Perry. *Somes* v. *Skinner*, 16 Mass. 348, 356. *Burgess* v. *Keyes*, 108 Mass. 43, 44. *Tarbell* v. *Jewett*, 129 Mass. 457, 460. *Chambless* v. *Vick*, 34 Miss. 109. *Thornton* v. *Rankin*, 19 Mo. 193. *Dorr* v. *Davis*, 76 Maine, 301, 305. This legal title he could and did transfer, and it never has vested in the respondent, for of course her coming of age had no effect upon it. *Zachary* v. *Gregory*, 32 Tex. 452, 456. *Chitwood* v. *Cromwell*, 12 Heisk. 658, 659. *Hippee* v. *Pond*, 77 Iowa, 235, 239. *Gard* v. *Neff*, 39 Ohio St. 607.

As the respondent had no legal title to the note and mortgage, she could not enter to foreclose. *Austin* v. *Shaw*, 10 Allen, 552, 553.

*Decree affirmed.*