NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-11638

THOMAS C. ABATE  vs.  FREMONT INVESTMENT & LOAN & others.[1]


Suffolk.    November 4, 2014. - March 9, 2015.

Present:  Gants, C.J., Spina, Cordy, Botsford, Duffly, Lenk, & Hines, JJ.


Real Property, Record title, Mortgage.  Mortgage, Assignment, Foreclosure.  Jurisdiction, Land Court.  Land Court, Jurisdiction.  Practice, Civil, Parties, Standing, Dismissal.


Civil action commenced in the Land Court Department on May 25, 2012.

Motions to dismiss were heard by Robert B. Foster, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.


Thomas B. Vawter for the petitioner.
James L. Rogal for Deutsche Bank National Trust Company & another.

---

[1] Mortgage Electronic Registration Systems, Inc. (MERS); Deutsche Bank National Trust Company, as trustee for Carrington Mortgage Loan Trust, Series 2005-FRE1, Asset Backed Pass-Through Certificates (Deutsche Bank); and Carrington Mortgage Services, LLC (Carrington).

Robert M. Brochin for Mortgage Electronic Registration Systems, Inc.
James P. Long, pro se, amicus curiae, submitted a brief.

HINES, J.  In this appeal, we determine whether a respondent in a try title action brought pursuant to G. L. c. 240, §§ 1-5, may test the substantive merits of a petitioner's claims in the "first step" of such an action.  The issue arises because the try title statute, in keeping with its purpose to allow a person holding record title to compel an adverse claimant to prove the merits of the adverse claimant's interest in the property, contemplates a two-step procedure in which the substantive merits of the parties' claims are determined at a trial.  Under our interpretation of the statute, the "first step" requires that the petitioner must satisfy the jurisdictional elements[2] of the statute and, if satisfied, the "second step" requires the adverse claimant either to bring an action to assert the claim to title, or to disclaim an interest in the property.  Bevilacqua v. Rodriguez, 460 Mass. 762, 766 (2011), citing G. L. c. 240, § 1.  Recognizing the potential

---

[2] The petitioner must satisfy these three jurisdictional elements:  (1) that he holds "record title" to the property; (2) that he is a person "in possession"; and (3) the existence of an actual or possible "adverse claim" clouding his record title. Blanchard v. Lowell, 177 Mass. 501, 504-505 (1901).  Standing encompasses the first two elements: "record title" and "possession."  Bevilacqua v. Rodriguez, 460 Mass. 762, 766-767 & n.5 (2011).

conflict between jurisdictional determinations and a petitioner's right under the statute to compel an adverse claimant to bring his or her own action to assert that claim, we transferred the petitioner's appeal to this court on our own motion. For the reasons explained below, we affirm the Land Court judgment dismissing his petition.

Background. 1. Procedural history. The petitioner, Thomas C. Abate, brought this action in the Land Court asserting that a purported assignment of a mortgage was invalid and, thereby, indirectly challenging a foreclosure by Deutsche Bank National Trust Company, as trustee for Carrington Mortgage Loan Trust, Series 2005-FRE1, Asset Backed Pass-Through Certificates (Deutsche Bank). At the time of filing, Deutsche Bank as the assignee of the mortgage already had foreclosed on Abate's mortgage. The respondents filed motions to dismiss under Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), for failure to state a claim on which relief could be granted.[3] A Land Court judge dismissed the petition after concluding that, as a matter of law, none of the alleged grounds for invalidity of the

---

[3] Fremont Investment & Loan (Fremont) did not file a motion to dismiss; the claims against Fremont were dismissed without prejudice by stipulation of the parties on January 9, 2013. For purposes of this decision, reference to the respondents only includes MERS, Deutsche Bank, and Carrington unless otherwise noted.

assignment could be sustained and that the foreclosure left Abate without record title.[4]

2. Facts. The following facts are taken from undisputed facts in the record.[5] On June 17, 2005, Abate granted a mortgage to Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for Fremont Investment & Loan (Fremont). On that same date, Abate took title to the property at 14 Owatonna Street, Newton, through a quitclaim deed. The mortgage and quitclaim deed were recorded in the Middlesex County registry of deeds. An assignment of the mortgage, recorded on December 3, 2010, purported to assign Abate's mortgage from MERS to Deutsche Bank on November 16, 2010.

Abate has been in possession of the property since 2005. He filed bankruptcy on October 29, 2010, and represented during

---

[4] Although the respondents filed their motions to dismiss under Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), as explained below, the argument advanced in the motion was in essence a challenge to Thomas C. Abate's standing, a requirement of subject matter jurisdiction which may be considered under either rule 12 (b) (1) or 12 (b) (6).

[5] The record before the judge included the petition and other materials from court filings and the Middlesex County registry of deeds. Although the judge did not explicitly cite rule 12 (b) (1), we consider his disposition of this case to be a better fit under rule 12 (b) (1) than under rule 12 (b) (6). The judge was properly allowed to review materials outside of the petition in deciding subject matter jurisdiction. "A judge, and logically a reviewing court, may consider documents and other materials outside the pleadings when ruling on a rule 12 (b) (1) motion." Audoire v. Clients' Sec. Bd., 450 Mass. 388, 390 n.4 (2008).

bankruptcy proceedings that he intended to surrender the property.[6]  On December 9, 2010, the bankruptcy court ordered that Deutsche Bank be released from an automatic stay so that it could exercise its rights pursuant to the mortgage.  On March 28, 2012, Deutsche Bank conducted a nonjudicial foreclosure auction in accordance with the statutory power of sale provision in the mortgage and the nonjudicial foreclosure process set forth in G. L. c. 244, §§ 11-17C.[7]  The foreclosure deed conveying title from Deutsche Bank to itself was recorded on October 5, 2012.[8]

In May, 2012, Abate filed a petition to try title, pursuant to G. L. c. 240, §§ 1-5, in the Land Court, claiming to hold record title and to be in possession of the property.  The petition named four possible adverse claimants:  (1) Fremont; (2) MERS; (3) Deutsche Bank; and (4) Carrington Mortgage

---

[6] Abate's Chapter 7 individual debtor's statement of intention showed the creditor for the property as Carrington and that Abate intended to surrender the property.

[7] Deutsche Bank recorded a certificate of entry on October 5, 2012, pursuant to the statute governing foreclosure by entry and possession, G. L. c. 244, §§ 1-2, asserting that Deutsche Bank, through its agent, had made an open, peaceable, and unopposed entry on the property on March 28, 2012.

[8] At a September, 2012, hearing on the motion to dismiss filed by Deutsche Bank and Carrington, Deutsche Bank explained that the foreclosure deed had not been previously recorded because the high bidder at the auction, a third party, did not proceed when the contract expired because of this try title action.

Services, LLC (Carrington).  Abate claimed to have record title "by virtue of a quitclaim deed dated June 17, 2005."  Abate asserted that he had granted a mortgage to Fremont, as the lender, and MERS, as the mortgagee, and that MERS had purported to assign the mortgage to Deutsche Bank.  Abate asserted that the defendants were potentially adverse claimants because the assignment from MERS to Deutsche Bank was "fraudulent, invalid, void and/or legally inoperative" for a variety of reasons. Abate did not acknowledge in his petition that Deutsche Bank had already foreclosed on the mortgage.

On July 31, 2012, Deutsche Bank and Carrington filed a motion to dismiss pursuant to rule 12 (b) (6).  The motion asserted that the try title petition did not demonstrate a plausible entitlement to the relief sought because Abate failed to allege facts sufficient to prove that the assignment was invalid.[9]  Abate contested the filing on procedural grounds, arguing that a motion to dismiss for failure to state a claim is not a proper response to a try title action and that once he satisfied the threshold jurisdictional requirements for

---

[9] In a supplemental memorandum in support of their motion to dismiss, Deutsche Bank and Carrington also argued that Abate is judicially estopped from proceeding with the try title action because of the "contrary" assertion made in Abate's bankruptcy case, where Abate indicated that he intended to surrender the property.  Like the Land Court judge, we decline to resolve this claim because the petition against the defendants was properly dismissed on other grounds.

maintaining the action, the judge should have compelled Deutsche Bank and Carrington either to disclaim their interests in the property or to bring an action to try title. Abate did not offer a rebuttal to the substantive merits of the defendants' motion to dismiss.

After a hearing, and with the benefit of additional briefing, the judge allowed the motion on December 10, 2012 (Deutsche Bank/Carrington Order), agreeing with the argument of Deutsche Bank and Carrington that Abate failed to state a claim on which relief can be granted. Addressing separately each of the claimed defects in the assignment, the judge ruled that Abate's petition failed to sufficiently allege effective record title because none of the allegations established any ground on which the assignment could be found void or invalid.

Subsequently, on January 16, 2013, MERS filed a motion to dismiss the petition pursuant to rule 12 (b) (6), arguing that the Deutsche Bank/Carrington Order rendered Abate's petition moot and further asserting that MERS does not have a present interest in the property because it validly assigned the mortgage to Deutsche Bank. Abate filed an opposition to MERS's motion and a motion for reconsideration of the Deutsche Bank/Carrington Order. The judge allowed MERS's motion to dismiss on the ground that the reasons supporting dismissal against Deutsche Bank and Carrington also apply to MERS and that

MERS no longer claims any title interest in the property. The judge denied Abate's motion for reconsideration.

A judgment entered dismissing the petition against Deutsche Bank, Carrington, and MERS with prejudice.[10] Abate timely appealed the judgment of dismissal.

While the appeal was pending, Abate filed a motion for relief from judgment pursuant to Mass. R. Civ. P. 60 (b) (1), (5), and (6), 365 Mass. 828 (1974), arguing that the judge erred in allowing the motions to dismiss and that a subsequent Land Court decision, which denied a motion to dismiss and held that a try title action properly may lie before a foreclosure, rendered the judgment inequitable.[11] The judge denied Abate's motion, reasoning that the subsequent decision was not binding precedent and the ruling allowing a try title action to be brought before a mortgage foreclosure had no bearing on the issues before him. It was undisputed that Abate's try title action was brought

---

[10] Earlier in the litigation, MERS and Deutsche Bank were defaulted pursuant to Mass. R. Civ. P. 55 (a), 365 Mass. 828 (1974). The judge did not abuse his "sound discretion" in removing the defaults. Burger Chef Sys., Inc. v. Servfast of Brockton, Inc., 393 Mass. 287, 289 (1984), quoting Silkey v. New England Tel. & Tel. Co., 9 Mass. App. Ct. 816, 816 (1980).

[11] Unlike the respondents in this case, the respondents in Varian vs. Bank of N.Y. Mellon, Mass. Land Court, No. 12-MISC-462971 (Aug. 23, 2013), did not attack the merits of the petitioners' arguments claiming that the assignment of their mortgage was invalid and thus the judge in that case did not consider the motion to dismiss on that ground.

after foreclosure, and in any event, the decision would not have changed the outcome in Abate's case where the complaint was dismissed for failure to state a claim, a ground independent of the timing of the foreclosure.

Discussion.  In this appeal, Abate argues that in allowing the respondents to bring a motion to dismiss under rule 12 (b) (6), the judge vitiated his right under the statute to compel the respondents to "disclaim all right and title adverse to the petitioner" or "show cause why they should not bring an action to try such claim."  G. L. c. 240, §§ 1, 3.  In particular, Abate argues that in considering and allowing the motions, the judge erroneously obliterated the distinction between jurisdiction and the merits of a try title action.  We disagree. The judge properly considered the substantive merits of Abate's claim that the assignment was invalid because the issue was determinative of Abate's standing to bring a try title action and ultimately the Land Court's subject matter jurisdiction. Therefore, we affirm the decision of the Land Court allowing the motions to dismiss.  In doing so, we also resolve a conflict in Land Court decisions by concluding that a petitioner claiming a defect in the legal title of a purported mortgagee may only meet

the jurisdictional element of "adverse claim" after that mortgagee has foreclosed.[12]

1.  Statutory background.  A try title action is one of several judicial avenues available to a property owner who seeks to challenge a claimed adverse property interest.[13]  See e.g., G. L. c. 231A, §§ 1-9 (declaratory judgment); G. L. c. 240, §§ 1-5 (try title action); G. L. c. 240, §§ 6-10 (action to

---

[12] Compare Varian vs. Bank of N.Y. Mellon, Mass. Land Court, No. 12-MISC-462971 (Aug. 23, 2013) ("uncertainty as to the holder of a mortgage" provides required adversity for mortgagor to bring try title action prior to foreclosure), with Abate vs. Freemont Inv. & Loan, Mass. Land Court, No. 12-MISC-464855 (Dec. 10, 2012) ("try title act may be used to challenge a party's claim to hold a mortgage only after that party has foreclosed, because it is only after foreclosure that the mortgagee has a claim of superior title").  See Mitchell vs. United States Bank Nat'l Ass'n, Mass. Land Court, No. 12-MISC-473427 (Mar. 21, 2014) (following Abate decision analysis); Stephens-Martin vs. Bank of N.Y. Mellon Trust Co., N.A., Mass. Land Court, No. 12-MISC-465277 (Oct. 1, 2013) (following Abate decision analysis). Federal court decisions addressing the try title statute have noted the disparity in our Land Court decisions.  See, e.g., Lemelson v. U.S. Bank Nat'l Ass'n, 721 F.3d 18, 23-24 (1st Cir. 2013) (citing Abate decision favorably, "efforts to foreclose" prior to foreclosure not "adverse claim" sufficient to demonstrate subject matter jurisdiction over try title action); Jepson v. Deutsche Bank Nat'l Trust Co., 969 F. Supp. 2d 202, 207 (D. Mass. 2013) (dismissing preforeclosure try title action in accordance with Lemelson, while noting as persuasive conflicting conclusion reached in Varian decision).

[13] As noted in Bevilacqua, 460 Mass. at 766 n.3, the "try title statute may now be something of an anachronism" when considered in light of modern statutes that allow a landowner to bring various actions to determine title.  The statute is still in effect, however, and we therefore analyze the contours of a try title action in light of the subsequently enacted Massachusetts Rules of Civil Procedure.

quiet title).  A try title action is an action at law[14] brought
by a person in possession of property and who claims to hold
"record title" clouded by an actual or possible adverse claim.[15]
Bevilacqua, 460 Mass. at 766, 767 n.5.  The Land Court has
exclusive original jurisdiction over try title actions, which,
as we have noted, involve two steps.  G. L. c. 185, § 1 (d).  A
petitioner must establish three jurisdictional elements in the
"first step" of a try title action:  (1) that he holds "record
title" to the property; (2) that he is a person "in possession";
and (3) the existence of an actual or possible "adverse claim"

_____

[14] In comparison, an action to quiet title, G. L. c. 240,
§ 10, is an in rem action brought under the court's equity
jurisdiction.  See Bevilacqua, 460 Mass. at 767 n.5, citing
G. L. c. 185, § 1 (k).  See also First Baptist Church of Sharon
v. Harper, 191 Mass. 196, 209 (1906).  The try title action, in
contrast, is based in law instead of equity and allows a
petitioner to defeat a potentially adverse claim through default
or by showing title that is merely superior to that of the
respondent.  Bevilacqua, supra.  A try title action, where the
petitioner sets forth a sufficient petition, places the burden
on the respondent either to bring an action to try title or to
disclaim his interest in the property.  G. L. c. 240, § 3.

[15] The relevant portion of G. L. c. 240, § 1, is as follows:

"If the record title of land is clouded by an adverse
claim, or by the possibility thereof, a person in
possession of such land claiming an estate of freehold
therein or an unexpired term of not less than ten years,
and a person who by force of the covenants in a deed or
otherwise may be liable in damages, if such claim should be
sustained, may file a petition in the land court stating
his interest, describing the land, the claims and the
possible adverse claimants so far as known to him, and
praying that such claimants may be summoned to show cause
why they should not bring an action to try such claim."

clouding the plaintiff's record title.[16]  Blanchard v. Lowell,
177 Mass. 501, 504 (1901) (jurisdictional facts are "[the
petitioner's] interest, a description of the premises, the
claims and the possible adverse claimants, so far as known").
The failure to satisfy all of the elements of G. L. c. 240,
§§ 1-5, nullifies the court's subject matter jurisdiction.
Bevilacqua, supra at 766, citing Riverbank Improvement Co. v.
Chapman, 224 Mass. 424, 425 (1916).  Standing is based on the
first two jurisdictional elements.  See Bevilacqua, supra.  If
these requirements are satisfied, the "second step" requires the
adverse claimant either to "disclaim the relevant interest in
the property or to bring an action to assert the claim in
question."  Id., citing G. L. c. 240, § 1.

2.  Motions to dismiss in try title actions.  Abate's main
contention in this appeal flows from our prior case law
explaining the two steps of a try title action and noting that
the question who "has a better title . . . does not arise, and
is not to be determined in [the first step], but in the actions
which the respondents may be ordered to bring."  Blanchard, 177
Mass. at 504-505.  The rule that "better title" is to be

---

[16] Abate's argument that only the first two elements are
required for jurisdiction is unavailing in light of the language
of the try title statute and our prior case law that also
requires an "adverse claim."  See G. L. c. 240, § 1 (action may
be brought "[i]f the record title of land is clouded by an
adverse claim"); Blanchard, 177 Mass. at 504-505.

determined in the second step, however, does not preclude consideration of the issue presented in the defendants' motions to dismiss. At issue in the defendants' motions to dismiss was the threshold question of jurisdiction, or more specifically Abate's standing to bring the try title action. Where, as here, the determination of standing, and ultimately jurisdiction, necessarily reaches and effectively negates the merits of a petitioner's claim, the two-step procedure is not abrogated. Indeed, dismissal of a try title petition for lack of standing on a motion to dismiss is a procedural disposition we expressly approved in Bevilacqua, 460 Mass. at 763-764.[17] Standing may be considered under either rule 12 (b) (1) or rule 12 (b) (6). Ginther v. Commissioner of Ins., 427 Mass. 319, 322 (1998). As a component of subject matter jurisdiction, a party may challenge, or a judge may consider, sua sponte, standing under rule 12 (b) (1) at any time. See Mass. R. Civ. P. 12 (h) (3),

---

[17] To the extent that Abate argues that the rules of civil procedure do not apply to a try title action, we decline to adopt that view. A try title action, like any other civil action, is subject to the rules of civil procedure. See Mass. R. Civ. P. 1, as amended, 450 Mass. 1403 (2008) (rules of civil procedure apply to proceedings in Land Court); Mass. R. Civ. P. 81 (a) (1), as amended, 450 Mass. 1405 (2008) (rules applicable to all proceedings not specifically excluded). See also G. L. c. 185M, § 1 (d) (granting exclusive jurisdiction of try title actions to Land Court). Although the try title action predates the rules of civil procedure, we have never recognized an exception for try title actions. Nor have we encountered a case where a party claims such an exception.

365 Mass. 754 (1974); Maxwell v. AIG Domestic Claims, Inc., 460 Mass. 91, 99-100 (2011).

In Bevilacqua, 460 Mass. at 764, the judge was compelled to act where he correctly perceived legal impediments to subject matter jurisdiction and the respondent had not appeared to challenge the issue. Here, because standing is a requirement of subject matter jurisdiction, that issue was properly considered by the Land Court judge even though not expressly cited by the respondents in their motions to dismiss. As we indicated in Bevilacqua, to the extent that subject matter jurisdiction generally, or standing in particular, is raised by a respondent, the judge may consider the issue by way of a motion to dismiss under either rule 12 (b) (1) or rule 12 (b) (6).

a. Standard of review of a motion to dismiss in the "first step" of a try title action. In a typical case, a plaintiff is required to prove jurisdictional facts if those facts are challenged by an opposing party through evidence accompanying a motion to dismiss. Callahan v. First Congregational Church of Haverhill, 441 Mass. 699, 710-711 (2004) ("factual challenge" to subject matter jurisdiction, made through presentation of extrapleadings material, "gives no presumptive weight to the averments in the plaintiff's complaint, and requires the court to address the merits of the jurisdictional claim by resolving the factual disputes between the plaintiff and the defendants").

In Bevilacqua, 460 Mass. at 764 n.2, we recognized some of the difficulties of applying the procedure and standards of rule 12 (b) (1) or rule 12 (b) (6) to try title actions.  We noted, for example, that it may be appropriate in try title actions to place the burden on the petitioner to prove jurisdictional facts even where the potentially adverse party does not challenge jurisdictional facts because a property owner who has not received notice of the action may "be forever barred from having or enforcing any such [title] claim" after a default.  Id., quoting G. L. c. 240, § 2.  We recognized, on the other hand, that requiring the petitioner to prove all jurisdictional facts by a preponderance of the evidence standard might result in the two steps of a try title petition being collapsed into one.[18] Id.  We then observed that "it may be necessary to adopt a unique standard of review in future try title actions."  Id.

We now set forth the standard applicable to the consideration of a motion to dismiss brought in the first step of a try title action.  As previously discussed, a petitioner

---

[18] The preponderance of the evidence standard is used in other jurisdictional challenges.  See Miller v. Miller, 448 Mass. 320, 328 (2007) ("in deciding motion to dismiss for lack of personal jurisdiction, court has discretion to determine personal jurisdiction by preponderance of evidence without waiting for trial on merits").  See also McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936) (preponderance of evidence standard appropriate for contested facts in subject matter jurisdiction).

must allege three jurisdictional elements in the first step of a try title claim: (1) record title, (2) possession, and (3) an actual or possible adverse claim. The jurisdictional facts required for standing -- record title and possession -- are subject to challenge through the introduction of other evidence negating the petitioner's claim. If the jurisdictional facts required for standing are factually challenged by an adverse party or by the court, the petitioner bears the burden to prove those facts by a preponderance of the evidence. Conversely, allegations regarding the third jurisdictional fact, adverse claim, are entitled to a presumption of truth regardless of a factual challenge because determining the merits of an adverse claim in the first step would compress the two-step structure of the try title statute. In this way, we harmonize the two-step try title procedure with the traditional use of the rules of civil procedure as a device for raising jurisdictional issues before a court.

This approach is also consistent with that taken in try title actions before the rules of civil procedure were adopted. This court has historically reviewed the factual accuracy of a petitioner's claimed jurisdictional facts required for standing, i.e., record title and possession -- but not necessarily the third nonstanding jurisdictional fact, i.e., adverse claim, in the first step of a try title action. See Arnold v. Reed, 162

Mass. 438, 440 (1894) (determining record title in first step of try title action based on "examination of the records of the Probate Court"), cited with approval in Bevilacqua, 460 Mass. at 769 n.6. See also Blanchard, 177 Mass. at 505 (determining possession in first step of try title action after review of petitioner's testimony and respondents' competing arguments).

In addition, our case law requires the plaintiff to bear the burden of establishing sufficient facts on which jurisdiction can be found. See Droukas v. Divers Training Academy, Inc., 375 Mass. 149, 151 (1978) (personal jurisdiction). See also Williams v. Episcopal Diocese of Mass., 436 Mass. 574, 577 n.2 (2002) (subject matter jurisdiction). In Cepeda v. Kass, 62 Mass. App. Ct. 732, 736-738 (2004), the Appeals Court held that a reviewing court shall accept as true all prima facie evidence of personal jurisdiction unless contradictory evidence is introduced, in which case the plaintiff must "establish jurisdiction by a preponderance of the evidence at an evidentiary hearing or at trial." As with personal jurisdiction, a judge has discretion to hold a hearing prior to trial to determine subject matter jurisdiction. Mass. R. Civ. P. 12 (d), as amended, 451 Mass. 1401 (2008). Similarly, there is no impediment to a judge holding a hearing to determine the accuracy of alleged jurisdictional facts in the first step of a try title action. If a judge holds a hearing to

determine the facts necessary for the petitioner to establish record title and possession in the first step of a try title action, the petitioner is required to establish those elements by a preponderance of the evidence standard.[19]

Although the judge's decision ostensibly resolved the respondents' claim that the petition failed to state a claim under rule 12 (b) (6), the issue before the judge was essentially a challenge to subject matter jurisdiction or, more specifically, Abate's standing.  The respondents' challenge to Abate's record title, based on their argument that the assignment was indeed valid, was in effect a challenge to Abate's standing.  We now address the judge's disposition of the matter insofar as it rested on a determination that Abate failed to demonstrate record title, which in turn resulted in a lack of standing.

b.  Abate's standing.[20]  Abate asserted that he held record title and acknowledged his grant of a mortgage to MERS and the

---

[19] Requiring the petitioner to establish record title and possession by a preponderance of the evidence satisfies the "Brooklyn Bridge" problem identified in Bevilacqua, 460 Mass. at 770-771.

[20] The respondents do not dispute that Abate is in fact in possession of the property.  There is therefore no dispute that he satisfies the second requirement of standing to maintain a try title action, i.e., that he be a "person in possession." G. L. c. 240, § 1.

purported assignment of that mortgage to Deutsche Bank.  Without
acknowledging in his petition that Deutsche Bank had already
foreclosed on the mortgage, Abate merely claimed that the
assignment was invalid.  Deutsche Bank responded in its motion
to dismiss that it had foreclosed on Abate's equity of
redemption under the mortgage, thus challenging Abate's claim of
record title.  Abate did not dispute that Deutsche Bank
purported to foreclose on Abate's equity of redemption prior to
Abate filing his try title action.[21]  The judge concluded that
Abate lacked record title based on the absence of any viable
claim that the mortgage assignment, and by extension the
subsequent foreclosure, was invalid.

Although it is correct that "better title" is typically
determined in the second step of a try title action if the
petitioner sufficiently alleges all jurisdictional facts, a try
title action brought by a mortgagor against a foreclosing
mortgagee may sometimes require a determination of better title

---

[21] Although the foreclosure deed was not recorded before
Abate filed his try title action, it was recorded before the
judge issued the order dismissing Abate's complaint.  The
foreclosure deed was not produced as part of the record, but we
may take judicial notice of the deed where Abate did not contest
the occurrence of the foreclosure auction.  See Mass. G. Evid.
§ 201(b)(2) (2014).  Judicial notice may be taken by a trial
court or an appellate court.  Commonwealth v. Grinkley, 44 Mass.
App. Ct. 62, 69 n.9 (1997).  The foreclosure deed was not a
necessary requirement to finding the absence of record title,
but its presence on record prior to disposition of this case
further supports the conclusion that Abate lacked record title.

in the first step.  In circumstances such as this, where the mortgagor's claim of record title is predicated on a determination that a foreclosure auction held by a mortgagee was void because of a flaw in the mortgagee's chain of title, the petitioner must demonstrate "better title" than the mortgagee in order to show that the foreclosure was invalid and, thus, that the mortgagor retained title after the foreclosure auction occurred.  If a valid foreclosure did not occur, the mortgagor and mortgagee have complementary claims to title; however, a valid foreclosure terminates a mortgagor's claim of title.[22] Bevilacqua, 460 Mass. at 775 ("a mortgage, by its nature, necessarily implies the simultaneous existence of two separate but complementary claims to the property that do not survive the mortgage or each other").  See Blanchard, 177 Mass. at 504-505. Under Massachusetts law, which subscribes to the "title theory" for mortgages, the title interests are split between the mortgagor and mortgagee.  The legal "'title' to the mortgaged real estate remains in the mortgagee until the mortgage is satisfied or foreclosed."  Faneuil Investors Group, Ltd. Partnership v. Selectmen of Dennis, 458 Mass. 1, 6 (2010),

---

[22] A petitioner may hold record title without having good title or may have good title without record title.  See Arnold v. Reed, 162 Mass. 438, 440 (1894) (noting that forged deed creates record title but not good title and that adverse possession and deed executed through unrecorded power of attorney create good title, but not record title).

quoting Restatement (Third) of Property (Mortgages) § 4.1 comment a (1997).  Equitable title remains in the mortgagor. Bevilacqua, supra at 774.  See Eaton v. Federal Nat'l Mtge. Ass'n, 462 Mass. 569, 575-576 (2012) (collecting cases and discussing common-law roots of separation of legal and equitable title between mortgagor and mortgagee); U.S. Bank Nat'l Ass'n v. Ibanez, 458 Mass. 637, 649 (2011).

Because Abate asserted that he granted a mortgage to MERS and did not dispute that Deutsche Bank, MERS's purported assignee, foreclosed Abate's equitable title under the mortgage, the judge was required to determine whether the assignment, and thus the foreclosure auction, was valid in order to determine whether Abate had the record title necessary to survive the first step of a try title action.  In so doing, the judge reviewed the merits of each legal argument alleged by Abate to support his claim that the assignment to Deutsche Bank was invalid or void.[23]  As previously mentioned, Abate had the burden

---

[23] Abate pleaded the following allegations in support of his claim that the assignment was void or invalid:  (1) the assignment "fails to identify the principal that MERS was purportedly acting for"; (2) MERS had no lawful authority from Fremont to assign the mortgage; (3) lack of consideration; (4) noncompliance with G. L. c. 183, § 6D, because the mortgage broker and originator were not listed; (5) lack of MERS's corporate seal; (6) the assignment violated the terms of the Carrington trust; (7) the assignment was not lawfully executed because the signatory allegedly did not sign in the presence of the notary; (8) the signatory was not "duly authorized" to

to prove record title after that jurisdictional fact was challenged, and Abate failed to demonstrate that the assignment was invalid for any of the reasons asserted in his petition. Consequently, the judge determined that Abate failed to demonstrate the record title required to maintain the action because none of the alleged defects in the assignment could withstand review under rule 12 (b) (1) and negate the validity of the foreclosure. The judge, therefore, dismissed the petition against Deutsche Bank, Carrington, and MERS.

Apart from his contention that the judge could not test the sufficiency of his claims under rule 12 (b) (6), Abate does not argue error in the judge's rulings on the merits of the respondents' claims. Abate's failure to address this issue on appeal waives his right to appellate review of the judge's ruling on the merits of the motions. See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975). See also <u>Galiastro</u> v. <u>Mortgage Elec. Registration Sys</u>., 467 Mass. 160, 174 (2014) (claim waived where appellant made no appellate argument concerning improper dismissal under rule 12 [b] [6]). Accordingly, we need not, and therefore do not, decide whether the judge properly concluded that none of the claimed

---

execute the assignment; (9) the signatory was an employee of Carrington, not MERS; and (10) the assignment fraudulently attempts to conceal the actual date of securitization.

infirmities in the assignment plausibly sets forth any basis on which the assignment could be found to be void or invalid.

c. The adverse claim element of jurisdiction. Where we have characterized the judge's decision as being premised on Abate's lack of standing based on the lack of record title, the remaining jurisdictional fact, adverse claim, has no bearing on the outcome of this appeal. It is undisputed that Abate filed his try title petition after the foreclosure occurred, which conclusively establishes the existence of an adverse claim. Nonetheless, because the issue may arise in future try title actions between a mortgagor and a mortgagee, we take this opportunity to resolve the conflict in the Land Court try title decisions on the adverse claim element of subject matter jurisdiction.[24] We conclude that where a mortgagor challenges the right of the mortgagee to foreclose, the "adverse claim" element of a try title action is sufficiently alleged only if the foreclosure already has occurred.

Our view that an adverse claim arises only after foreclosure is dictated by application of well-settled mortgage law principles to the jurisdictional requirement of an adverse claim. In this regard, the analysis in Bevilacqua, 460 Mass. at 776, where we held that "a necessary element of [a] try title

---

[24] See note 12, supra.

action [is] the existence of an adverse claim" is instructive. As between a mortgagor and a mortgagee, the title interests are not, as a matter of law, adverse. Because a mortgagor and mortgagee hold complementary claims of title, the law fashions a relationship that is in equipoise, which stands until either the mortgagor satisfies the debt or the mortgagee forecloses. See Bevilacqua, supra at 775, citing Negron v. Gordon, 373 Mass. 199, 205 n.4 (1977). Following the logic of Bevilacqua, neither is superior or inferior to the other.[25]

Our conclusion that the requisite adverse claim does not exist where a mortgagor challenges an impending foreclosure does not, however, preclude a try title action in circumstances where the very existence of a mortgage is called into question. In this regard, we recognize the continuing vitality of our holding in Brewster v. Seeger, 173 Mass. 281, 282 (1899), where we recognized the petitioner's right, under the try title statute, to challenge an imminent foreclosure. The petitioner alleged record title, possession, and an adverse claim by the respondent having entered to foreclose. Id. We reviewed the merits of the

_____

[25] Although the judge insisted that Abate demonstrate "a claim of superior title," we do not interpret the statute to require such a showing. A property owner need only show record title to establish standing under the try title statute. As discussed supra, however, in certain actions between a mortgagor and purported mortgagee, a showing of record title may require a determination of superior title.

case and determined that the respondent had no legal right to enter to foreclose. Id. at 282-283. Our holding in Brewster, however, does not govern this case. The result in Brewster is explained by the fact that the petitioner's claim did not arise from the mortgagor-mortgagee relationship. To the contrary, the petitioner claimed that the mortgage had been discharged and that, therefore, it no longer existed. Thus, the adverse claim element alleged in Brewster rested on a completely different and legally sustainable footing. The rules regarding separate but complementary title interests did not in that case preclude the necessary showing of an adverse claim. Where a try title action is, as in Brewster, based on facts consistent with an adverse claim as we have defined it here, or otherwise recognized in our law, we leave it to the judge to determine the sufficiency of the adverse claim allegation.[26]

Fidelity to the requirement of an adverse claim does not place unreasonable or unnecessary limits on the remedies available to a property owner seeking to prevent the obvious harm that may result when a foreclosure proceeds without challenge. We are mindful that in Massachusetts, a nonjudicial foreclosure State, a mortgagee may foreclose without prior

---

[26] We do not think that the facts in the Varian case, see note 12, supra, meet this test inasmuch as the existence of the mortgage was not in dispute. The petitioners argued only that the respondents did not hold the mortgage.

judicial intervention.  As we have noted, however, a property owner has other, and perhaps more suitable, remedies available to him or her.  See, e.g., G. L. c. 231A, §§ 1-9 (declaratory judgment); G. L. c. 240, §§ 6-10 (action to quiet title); Mass. R. Civ. P. 65, 365 Mass. 832 (1974) (injunction as remedy).  In addition, a property owner in a foreclosure is protected by our requirement of strict adherence to the law in each of the nonjudicial foreclosure procedures available to a mortgagee.  See, e.g., Eaton, 462 Mass. at 571 (foreclosure sale conducted pursuant to power of sale must comply with all applicable statutory provisions); U.S. Bank Nat'l Ass'n, 458 Mass. at 646-647 (failure to comply strictly with power of sale renders foreclosure sale void).  We discern no prejudice to a party's rights under this interpretation of the try title statute.[27]

3.  Dismissal with prejudice.  The Land Court judge dismissed Abate's complaint against Deutsche Bank, Carrington, and MERS with prejudice.  As noted supra, the judge's dismissal was essentially based on Abate's failure to meet one of three threshold jurisdictional requirements for a try title action, namely, the standing requirement of record title.  Mass. R. Civ.

---

[27] We are cognizant of the concerns expressed by the court in Jepson, 969 F. Supp. 2d at 207.  However, as we have already said, a petitioner challenging a mortgage foreclosure may seek the available and adequate remedies available in other procedures.

P. 12 (h) (3).  Dismissals for lack of subject matter jurisdiction are ordinarily without prejudice because dismissal for lack of jurisdiction is typically not an adjudication on the merits.  See Bevilacqua, 460 Mass. at 780, citing Mass. R. Civ. P. 41 (b) (3), as amended, 454 Mass. 1403 (2009).  In this case, however, as we have explained, the judge correctly considered the merits of Abate's claims as a necessary step in determining the absence of his record title.  Accordingly, dismissal with prejudice was proper.

Conclusion.  The judgment dismissing Abate's petition against Deutsche Bank, Carrington, and MERS with prejudice is affirmed.

So ordered.