In January of 2014, Jeannette and Maxwell Blake (the Blakes) brought a try title claim in the Land Court pursuant to G. L. c. 240, §§ 1 - 5, challenging the validity of Bay State Home Loan Group, LLC's (Bay State), status as a mortgagee authorized to foreclose on their property in Boston. In response, Bay State brought a counterclaim seeking a declaratory judgment to confirm its status as a mortgagee with the statutory power of sale. The Blakes did not file an answer or otherwise respond to Bay State's counterclaim. Instead, in August of 2015, the Blakes moved to voluntarily dismiss their petition pursuant to Mass.R.Civ.P. 41, 365 Mass. 803 (1974). They argued that in light of the decision in Abate v. Fremont Inv. & Loan, 470 Mass. 821 (2015), they could not maintain their preforeclosure action to try title, as the Land Court had no jurisdiction over the matter at that time. Bay State opposed the Blakes' motion.
The judge granted the Blakes' motion in part, dismissing their try title claim but retaining jurisdiction over Bay State's counterclaim for declaratory judgment, citing Mass.R.Civ.P. 41(a)(2) ("If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection"). The Blakes now contend that the judge erred in doing so, arguing that the use of the word "petition" instead of "complaint" in G. L. c. 240 indicates that the rules of civil procedure do not apply to try title actions.
Discussion. In Abate, supra at 834, the Supreme Judicial Court held that an action to try title brought prior to a foreclosure sale taking place cannot stand due to a court's lack of subject matter jurisdiction. This is because one of the jurisdictional elements that a petitioner must allege when bringing a try title claim-that of an actual or possible adverse claim on the subject property-is not satisfied until a foreclosure sale occurs; prior to a foreclosure sale, a mortgagor and a mortgagee hold "complimentary claims of title," and stand in "equipoise." Ibid. Here, the Blakes filed their try title petition two days before the scheduled foreclosure auction. Thus, under Abate, their try title action could not stand, and the judge correctly dismissed it.
However, as the judge noted, the Blakes' position that the rules of civil procedure do not apply to try title actions and, as a result, that the judge should have dismissed Bay State's counterclaim, is plainly contradicted not only by rule 41, but also by Abate and Bevilacqua v. Rodriguez, 460 Mass. 762 (2011), which both analyze actions to try title under Mass.R.Civ.P. 12, 365 Mass. 754 (1974). See Bevilacqua, supra at 764-765; Abate, supra at 829-830. Thus, while Abate mandates the dismissal of the Blakes' premature try title petition, it does not require the dismissal of Bay State's counterclaim as well. This is because "[a] counterclaim in an answer constitutes a separate and distinct cause of action. Thus, a defendant is entitled to a determination of [its] counterclaim even though there is a dismissal or a discontinuance of the original bill of complaint (or petition)." New England Merchs. Natl. Bank of Boston v. Kann, 363 Mass. 425, 427 n.2 (1973). Therefore, the judge did not err in refusing to dismiss Bay State's counterclaim.
We are also mindful of the purpose of a try title petition, which is to enable a plaintiff who meets the jurisdictional prerequisites to require an adverse claimant either to "disclaim the relevant interest in the property or to bring an action to assert the claim in question." Bevilacqua, supra at 766, citing G. L. c. 240, § 1. Here, the Blakes in their petition requested that Bay State "be summoned to show cause as to why it should not be required to bring an action to try title as against [the Blakes]." Thus, the Blakes initially sought to compel Bay State to do exactly what it did: bring an action in order to resolve the parties' respective claims on the property. By permitting Bay State to accomplish this by way of a counterclaim, the judge was simply allowing an expedited resolution of the claims brought by the Blakes in their petition. This was entirely in keeping with the rules of civil procedure, as well as with Land Court procedure. See Land Court Standing Order 1-04 (adopting certain time standards in order to " 'secure the just, speedy and inexpensive determination of every action,' as required by Mass. R. Civ. P. 1 [, as amended, 450 Mass. 1403 (2008) ]"). See also Jepson v. Deutsche Bank Natl. Trust Co., 969 F. Supp. 2d 202, 205-206 (D. Mass. 2013) (try title statute intended to provide quick way to resolve title disputes).[4]
Judgment affirmed.

Bay State, in its notice of cross appeal and brief, argues that it is entitled to trial and appellate attorney's fees pursuant to the note secured by the subject mortgage. That note contains language giving Bay State "the right to be paid back by [the Blakes] for all of its costs and expenses in enforcing this Note." Here, Bay State's counterclaim sought a declaratory judgment that it held both the note and the mortgage. As such, it was not so much a proceeding to enforce the note as it was a proceeding to establish Bay State's right to foreclose on the Blakes' mortgage. Therefore, we deny Bay State's request for appellate attorney's fees, and deny its request to remand this case to the Land Court for an award of trial attorney's fees.