NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-289

CAITLIN SCHIFFER

<u>vs</u>.

BRENDAN REID.[1]

<u>MEMORANDUM AND ORDER PURSUANT TO RULE 23.0</u>

The underlying action arises from a dispute among three siblings over the proceeds of their mother's estate.[2]  The plaintiff filed the action in Norfolk County Superior Court, alleging that the defendant wrongfully took funds from the estate, contrary to the instructions in their mother's will. After the defendant failed to comply with multiple discovery orders, a judge imposed on him a sanction of default on all of the plaintiff's claims (for fraud, breach of fiduciary duty, conversion, and tortious interference with inheritance).  The judge then held an evidentiary hearing on assessment of damages, following which judgment entered for the plaintiff in the amount

---

[1] Individually and as personal representative of the estate of Claire F. Reid.

[2] One sibling, who was originally a plaintiff, was dismissed from the case upon the filing of a suggestion of death.

of $42,319.03 in damages and $30,900 in attorney's fees, plus interest and costs.  The defendant now appeals from the judgment and from the denial of his later motion to vacate.[3]

We begin by noting that the record appendix submitted by the defendant is inadequate to permit meaningful appellate review.  Among other deficiencies it does not contain the docket entries, the hearing transcript, the pertinent decisions of the judge, the judgment, or the notices of appeal.  See Mass. R. A. P. 18 (a), as appearing in 481 Mass. 1637 (2019).  As the appealing party, the defendant had the obligation to produce an appendix containing all relevant portions of the record; that he is pro se did not excuse him from this obligation.  See Davis v. Tabachnick, 425 Mass. 1010, 1010 (1997).  For this reason alone, we decline to overturn the judgment.

For completeness, however, we will address the defendant's arguments, as we understand them.  The defendant first asserts that the plaintiff served him with a complaint that was "never

---

[3] The defendant filed multiple motions to vacate.  His first motion was allowed in part as to the computation of damages, and a revised judgment entered.  After appealing from the revised judgment, the defendant filed a second motion to vacate, which was denied by a second judge, the original judge having retired. Although the defendant filed an appeal from the second judge's decision, he does not raise any separate argument with respect to it and has thus waived his right to appellate review of that ruling.  See Abate v. Fremont Inv. & Loan, 470 Mass. 821, 833 (2015).  He did not appeal from the denials of any of his later motions.

2

part of the official record" and that his "entire defense" was based on this complaint. Evidently, the defendant is referring to a duplicative action that the plaintiff filed in Plymouth County Superior Court, which was eventually dismissed with prejudice by stipulation. From what we can tell, the complaint filed in Plymouth County is identical to the one that initiated the underlying case in Norfolk County, except that the former is missing paragraphs seven and twelve.[4] Although this appears to have caused momentary confusion at the evidentiary hearing, the defendant has not demonstrated how he was thereby prejudiced. Absent a showing of substantial prejudice, the defendant is not entitled to relief. See G. L. c. 231, § 119; Care & Protection of Frank, 409 Mass. 492, 499 (1991).

Next, the defendant contends that damages should not have been awarded on the claims of fraud and tortious interference with inheritance because the factual predicates of those claims, as pleaded in the complaint, were either contradicted by evidence adduced at the evidentiary hearing or were insufficient to state a claim on which relief could be granted. See Nancy P. v. D'Amato, 401 Mass. 516, 519 (1988) ("When . . . a defendant

---

[4] Paragraph seven of the underlying complaint states, "Immediately following Ms. Reid's death, Brendan, the oldest sibling, represented to Bryan and Caitlin that their Mother had passed away intestate." Paragraph twelve states, "The June 7, 1999 will also provided that Ms. Reid's estate was to pay all costs associated with her funeral."

is defaulted, well-pleaded facts are deemed to be admitted, but a plaintiff may recover only to the extent the complaint states a claim for relief").  To the extent this argument relies on the evidence adduced at the hearing, we cannot consider it because the defendant failed to provide us with a copy of the transcript.  See Cameron v. Carelli, 39 Mass. App. Ct. 81, 84 (1995).  That aside, the argument does not support any reduction of damages, given the judge's finding that "the plaintiff would have been entitled to recover damages under any or all of her four claims."  As the defendant does not separately challenge the judgment with respect to the claims of breach of fiduciary duty and conversion, we have no basis to vacate the damages award.

Nor do we have a basis to vacate the default judgment.  The defendant asserts that a default judgment was a disproportionate sanction for his discovery violation because the discovery requests were "never served upon" him yet he "complied with what he could anyway."  But the record flatly contradicts this assertion.  The attorney representing the defendant at the time attested in an affidavit that he received the discovery requests by e-mail.  In addition, as the judge stated in her decision imposing the sanction, "[t]he defendant was provided with a copy of the [discovery requests] on the record and in the presence of the Court."  The judge's decision also describes how the

4

defendant willfully and repeatedly violated her discovery orders, despite multiple warnings and extensions of the deadline. In these circumstances the judge was within her discretion to impose the sanction of default. See Short v. Marinas USA Ltd. Partnership, 78 Mass. App. Ct. 848, 852-853 (2011).

The judge was also within her discretion to award the plaintiff her reasonable attorney's fees. The defendant challenges the award on the ground that it was in essence a second sanction for his failure to comply with discovery. As the defendant acknowledges, however, the award was based only "in part" on the discovery violation. The primary basis was that the defendant engaged in "bad faith conduct that constituted contempt"; specifically, as the judge found, the defendant concealed information from the Probate and Family Court during the probate of the estate -- forcing the plaintiff "to file this lawsuit to recover the assets to which she was clearly entitled" -- and he then "continued to maintain that the [e]state was insolvent and refused to produce discovery that demonstrated the falsity of that assertion up until the eve of trial." Given the defendant's bad faith, the judge determined that this was one of those "rare and egregious cases" in which an award of attorney's fees was warranted. Police Comm'r of Boston v. Gows, 429 Mass. 14, 19 (1999). The defendant has not

demonstrated, or even argued, that this was an abuse of discretion.  See id. at 18 (judge has discretion to award attorney's fees based on conduct amounting to contempt of court, including where litigant acted in bad faith, where "litigant's conduct [was] unreasonably obdurate or obstinate," and "where it should have been unnecessary for a successful litigant to have brought the action").[5]

Judgment affirmed.

Order dated September 21, 2020, denying motion to vacate judgment, affirmed.

By the Court (Sacks, Shin & D'Angelo, JJ.[6]),

*Joseph F. Stanton*

Clerk

Entered: June 26, 2023.

---

[5] We deny the plaintiff's request for appellate attorney's fees, as she has offered no basis for such an award.
[6] The panelists are listed in order of seniority.